## DAVIS v. LOHSEN.

(Supreme Court, Appellate Term. February 25, 1901.)

BANKRUPTCY—TRUSTEE—COUNTERCLAIM.

In an action by the trustee in bankruptcy of an insolvent corporation, which carried on a livery stable, for board of defendant's horses, the latter cannot offset his personal claims against the former owner of the stable, who had conducted the business in the same name adopted by the corporation, and afterwards managed the business, since, whatever equities defendant may have against such former owner and manager, he has no counterclaim against the trustee.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Arnold L. Davis, as trustee in bankruptcy of the Grand Central Stables, an insolvent corporation, against Henry Lohsen. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

D. A. McIntyre, for appellant.

R. M. M. Gillespie, for respondent.

ANDREWS, P. J. This is an appeal from a judgment of the municipal court in favor of the plaintiff for the sum of $189.17. The evidence shows the following facts: For some years Mrs. Root, the wife, and now the widow, of D. Frank Root, carried on the livery business under the name of the Grand Central Stables in West Forty-Sixth street, in this city; her husband being the sole manager of the business. About a year before Mr. Root's death, which occurred in September, 1899, the business was incorporated under the same name. The defendant was a grocer, who kept his horses in said stable both before and after the incorporation, and sold groceries to the Roots, and sometimes loaned them money. The corporation became insolvent, and this action is brought by the trustee in bankruptcy to recover for moneys claimed to be due to the corporation for the board of the defendant's horses. The books of the corporation were admitted in evidence, without objection, to establish the plaintiff's claim. The defendant set up a counterclaim for the amount of a note given by said D. Frank Root, and also for groceries furnished the Roots, with interest, and also $10 claimed to have been loaned to said Root, amounting in all to $355.40. The counterclaims were dismissed, and plaintiff had judgment for the amount claimed.

No error was committed upon the trial; for, whatever equities, if any, the defendant may have had as against the Roots, he could not, as against the trustee of an insolvent corporation, set up the counterclaim in question.

The judgment should be affirmed, with costs. All concur.